**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| PATRICIA BANKS and EDGAR BANKS, ) </br> ) </br> Plaintiffs, ) </br> ) </br> v. ) </br> ) </br> ) </br> WELLS FARGO BANK, CODILIS & ) </br> ASSOCIATES, ERNEST CODILIS, and ) </br> MORGAN MURPHY, ) </br> ) </br> Defendants. ) | Case No. 13 C 7017 </br></br> Judge Amy J. St. Eve |

## ORDER

The Court grants Defendants' motion to dismiss with prejudice [14], declines to exercise its supplemental jurisdiction over Plaintiffs' state law claims against Defendant Wells Fargo, and dismisses this lawsuit in its entirety. Status hearing set for 3/6/14 is stricken. Civil case terminated.

## STATEMENT

On October 23, 2013, Plaintiffs Edgar Banks and Patricia Banks filed a pro se Amended Complaint alleging violations of their constitutional rights in relation to a mortgage foreclosure action in the Circuit Court of Cook County against Defendants Wells Fargo, the law firm of Codilis & Associates, and attorneys Ernest Codilis and Morgan Murphy. Plaintiffs rely on the Court's original jurisdiction pursuant to 42 U.S.C. § 1983 and supplemental jurisdiction under 28 U.S.C. § 1367(a) in bringing their Amended Complaint in federal court. Before the Court is the Codilis Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court grants Defendants' motion to dismiss Plaintiffs' Section 1983 claims against all Defendants, including Defendant Wells Fargo, with prejudice. The Court, in its discretion, declines to exercise its supplemental jurisdiction over Plaintiffs' state law claims against Defendant Wells Fargo, and thus dismisses this lawsuit in its entirety.

## LEGAL STANDARD

"A motion under Rule 12(b)(6) tests whether the complaint states a claim on which relief may be granted." *Richards v. Mitcheff,* 696 F.3d 635, 637 (7th Cir. 2012). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (citation

omitted). Under the federal notice pleading standards, a plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Twombly,* 550 U.S. at 570). "In reviewing the sufficiency of a complaint under the plausibility standard, [courts] accept the well-pleaded facts in the complaint as true." *Alam v. Miller Brewing Co.,* 709 F.3d 662, 665-66 (7th Cir. 2013). When ruling on motions to dismiss, courts may also consider documents attached to the pleadings without converting the motion to dismiss into a motion summary judgment, as long as the documents are referred to in the complaint and central to the plaintiff's claims. *See Geinosky v. City of Chicago,* 675 F.3d 743, 745 n.1 (7th Cir. 2012); *Wigod v. Wells Fargo Bank, N.A.,* 673 F.3d 547, 556 (7th Cir. 2012); Fed.R.Civ.P. 10(c).

## BACKGROUND

Construing their pro se Amended Complaint liberally, *see Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1027 (7th Cir. 2013), Plaintiffs allege that Defendants acted under the color of law in relation to their mortgage loan for real property at 19025 Marylake Lane, Country Club Hills, Illinois. Plaintiffs specifically allege that Wells Fargo made false representations and omissions as to the nature of their loan. In fact, Plaintiffs allege that Wells Fargo never issued them a loan in the first instance. By doing so, Plaintiffs assert that Wells Fargo has breached the Uniform Commercial Code. Plaintiffs make no specific allegations concerning the Codilis Defendants in their Amended Complaint. Nevertheless, Plaintiffs seek one million dollars for Defendants' violations of the "Security of Agreement Commercial Agreement." Also, Plaintiffs ask the Court to charge Defendants for extortion and other federal crimes pursuant to 18 U.S.C. §§ 1346, 1918, among other unnamed statutes.

Attached to the Codilis Defendants' motion to dismiss is a complaint to foreclose a mortgage filed in the Circuit Court of Cook County, Chancery Division, on August 1, 2013. (R. 15-1, 13 CH 18055 Compl.) Wells Fargo brings the state court action against Plaintiffs, among others, under Illinois mortgage foreclosure law. In the state court complaint, Wells Fargo alleges that Patricia and Edgar Banks are the named mortgagors and that the mortgage was registered on December 15, 2010 in the Office of the Recorder of Deeds of Cook County. Further, Wells Fargo gives the legal description for the property at 19025 Marylake Lane, Country Club Hills, Illinois. Wells Fargo seeks a judgment of foreclosure and sale. Attorneys with Codilis & Associates represent Wells Fargo in the state foreclosure action. The mortgage foreclosure action is still pending in the Circuit Court of Cook County.

## ANALYSIS

Because constitutional claims brought pursuant to 42 U.S.C. § 1983 "may only be maintained against defendants who act under color of state law, the defendants in § 1983 cases are usually government officials." *London v. RBS Citizens, N.A.,* 600 F.3d 742, 746 (7th Cir. 2010). "[A]lthough private persons may also be sued under § 1983 when they act under color of

state law they may not be sued for 'merely private conduct, no matter how discriminatory or wrongful.'" *Id.* (citations omitted). "[A]ction is taken under color of state law 'when it involves a misuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Wilson v. Price*, 624 F.3d 389, 392 (7th Cir. 2010) (citation omitted). The requirement that a private actor act under the color of state law to be liable under Section 1983 "is an important statutory element because it sets the line of demarcation between those matters that are properly federal and those matters that must be left to the remedies of state tort law." *Rodriguez v. Plymouth Ambulance Serv.,* 577 F.3d 816, 823 (7th Cir. 2009).

Here, both the Codilis Defendants and Wells Fargo are private actors, and, although Plaintiffs can sue private actors under Section 1983, they must establish that Defendants' conduct was more than private conduct, namely, that Defendants misused their authority in relation to a right or privilege created by the state. *See id.*; *London,* 600 F.3d at 746. As private actors, Wells Fargo brought a mortgage foreclosure action in state court and the Codilis Defendants represent Wells Fargo in the state court action. There are no allegations that Wells Fargo and the Codilis Defendants acted in concert with state actors, that the State employed Defendants, or that the State controlled Defendants. *See Rodriguez,* 577 F.3d at 823, 825; *Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7,* 570 F.3d 811, 815-16 (7th Cir. 2009). Simply put, construing Plaintiffs' pro se allegations liberally, they do not set forth any plausible scenarios that Defendants — as private actors — were acting under color of state law under the circumstances.

Further, as to the individual Defendants Murphy and Codilis, liability pursuant to Section 1983 requires personal involvement in the alleged constitutional deprivation. *See Minix v. Canarecci,* 597 F.3d 824, 833 (7th Cir. 2010). Plaintiffs fail to make any allegations regarding Murphy and Codilis and how they were involved in depriving Plaintiffs of their constitutional rights. In fact, Plaintiffs never articulate what constitutional right they believe Defendants violated.

Instead, Plaintiffs cite to several statutes arguing that Defendants committed federal crimes and ask the Court to charge Defendants for these crimes. It is well-established, however, that a private citizen cannot bring a criminal action against another person. *See Maine v. Taylor,* 477 U.S. 131, 137, 106 S.Ct. 2440, 91 L.Ed. 110 (1986) ("private parties have no legally cognizable interest in the prosecutorial decisions of the Federal Government"); *Linda R.S. v. Richard D.,* 410 U.S. 614, 619, 93 S.Ct. 1146, 35 L.Ed.2d 536 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"). Instead, pursuant to 28 U.S.C. § 547, each United States Attorney has the responsibility to prosecute offenses against the United States within their districts, except as otherwise provided by law. *See In re United States,* 572 F.3d 301, 312 n.17 (7th Cir. 2009) ("The United States Attorney has the ultimate authority to prosecute cases."). Therefore, Plaintiffs' claims asking the Court to criminally prosecute Defendants are unavailing.

Because Plaintiffs have failed to bring a plausible claim pursuant to Section 1983, the Court grants Defendants' motion to dismiss with prejudice. The Court also notes that any further amendment to Plaintiffs' Section 1983 claims would be futile because Defendants are not state actors and did not engage in state action. *See Johnson v. Trans Union, LLC,* 524 Fed.Appx. 268, 271 (7th Cir. 2013) (unpublished) ("court did not abuse its discretion in denying Johnson's attempts to amend his complaint on grounds of futility: Johnson could not have recovered under 42 U.S.C. § 1983, because the defendants are not state actors.").

What remains is a montage of allegations set forth in the context of state law against Defendant Wells Fargo in relation to Plaintiffs' mortgage for the real property at 19025 Marylake Lane, Country Club Hills, Illinois. *See Cogswell v. CitiFinancial Mortgage Co., Inc.,* 624 F.3d 395, 402 (7th Cir. 2010) (Illinois mortgage foreclosure law adopts the Uniform Commercial Code). Because the Court is dismissing Plaintiffs' claim over which the Court has original jurisdiction, namely, Plaintiffs' Section 1983 claim, the Court declines to exercise supplemental jurisdiction over the remaining state law claims. *See* 28 U.S.C. § 1367(c).

As the Seventh Circuit teaches, "[t]he supplemental-jurisdiction statute provides that the district court 'may decline to exercise supplemental jurisdiction" over state-law claims if the court 'has dismissed all claims over which it has original jurisdiction.'" *RWJ Mgmt. Co., Inc. v. BP Prods. N. Am., Inc.,* 672 F.3d 476, 479 (7th Cir. 2012) (quoting 28 U.S.C. § 1367(c)(3)); *see also Cortezano v. Salin Bank & Trust Co.*, 680 F.3d 936, 941 (7th Cir. 2012) ("Generally, when a court has dismissed all the federal claims in a lawsuit before trial, it should relinquish jurisdiction over supplemental state law claims rather than resolve them on the merits."). Although the decision to relinquish supplemental jurisdiction is within the district court's broad discretion, "[w]hen all federal claims in a suit in federal court are dismissed before trial, the presumption is that the court will relinquish federal jurisdiction over any supplemental state-law claims." *RWJ Mgmt. Co.,* 672 F.3d at 479 (quoting *Al's Serv. Ctr. v. BP Prods. N. Am., Inc.,* 599 F.3d 720, 727 (7th Cir. 2010)). Under this well-established precedent, the Court, in its discretion, dismisses Plaintiffs' state law claims against Defendant Wells Fargo without prejudice.

**Dated:** January 10, 2014

_____
**AMY J. ST. EVE**
**United States District Court Judge**